Magistrate Judge Christel

08-MJ-05022-CMP

FILED _____ LODGED
_____ RECEIVED
FEB 01 2008
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICKEY ALAN DAY

Defendant.

MAGISTRATE'S DOCKET NO.
CASE NO.
MJ08-5022

COMPLAINT for VIOLATION
of Title 18, United States Code,
Section 922(g)(1)

BEFORE, David Christel, United States Magistrate Judge, Vancouver, Washington

The undersigned complainant being duly sworn states:

### COUNT 1

**(Felon In Possession of a Firearm)**

On or about October 7, 2007, in Vancouver, Washington, within the Western District of Washington, MICKEY ALAN DAY, having been convicted of crimes punishable by imprisonment for a term exceeding one year, to wit:

(1)  Residential Burglary, in the Superior Court of Washington for Clark County, cause number 94-1-00706-8, on or about July 19, 1994;

(2)  Escape in the First Degree, in the Superior Court of Washington for Clark County, cause number 94-1-01503-6, on or about January 11, 1995;

(3)  Assault II and Possession of Stolen Property First Degree, in the Superior Court of Washington for Clark County, cause number 95-1-013449, on or about September 28, 1995.

(4)  Attempted Possession of a Controlled Substance-Methamphetamine, in the Superior Court of Washington for Clark County, cause number 04-1-00820-4, on or about July 19, 2004.

did knowingly possess a firearm, to wit: a Yugoslavian, model 59/66, 7.62 x 39 caliber, rifle, serial number F-153782 which had previously been shipped or transported in interstate and foreign commerce.

All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

And the complainant, Leland E. Stice, states that this complaint is based on the following information:

1. I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) for 20 years and am currently assigned to the Portland, Oregon Field Office. My responsibilities include conducting criminal investigations regarding the unlawful possession of firearms by prohibited persons, including previously convicted felons and the possession of firearms by drug traffickers.

2. The information contained within this affidavit is based on my personal observations, police reports and information provided to me by other law enforcement officers and witnesses. I have set forth only the facts that I believe are nececessary to establish probable cause.

3. On or about October 6, 2007, Vancouver Police Department (VPD) Officer Spencer Harris received information from a confidential reliable informant (CRI) regarding the possession of firearms by a male suspect known only to the CRI as "Mickey". The CRI reported that the firearms were allegedly stolen. This CRI had previously provided truthful and reliable information to VPD Officer Harris on several occasions. After receiving this information from the CRI, Officer Harris instructed the CRI to set up a meeting between "Mickey" and Officer Harris, who would be acting in an undercover capacity, as a person interested in buying the firearms. The CRI made contact with the suspect and arranged a meeting for October 10, 2007. The CRI also agreed to drive the suspect "Mickey" to the meeting.

4. On October 10, 2007, Officer Spencer went to the arranged meeting location at the Target parking lot located near N.E. 7809 Vancouver Plaza, Vancouver, Washington. Officer Spencer arrived at the meeting location and met with the suspect. The suspect was

1  seated in the passenger seat of a blue Ford Thunderbird, Washington license 614 UDW.
2  The CRI was in the driver's seat. The suspect introduced himself to Officer Harris by
3  stating, "Hi, I'm Mickey". Officer Harris was able to identify the suspect as MICKEY
4  ALAN DAY. DAY then pulled a long box out from behind the passenger seat of the
5  vehicle. DAY removed a rifle from the box and showed it to Officer Harris. Officer
6  Harris asked DAY if the rifle was stolen and DAY responded, "I don't think so, I traded
7  someone for it". Day told Officer Harris he would sell the rifle for $220. Harris paid Day
8  $220 in U.S. currency and DAY transfered the firearm to Officer Harris. Officer Harris
9  took possession of the firearm as VPD item 1300-001 and it was preliminarily identified as
10 an assault rife, model 59166, serial number F153782.

    5. I have conducted a computer criminal history check for MICKEY ALAN DAY and have reviewed conviction documents from various courts, which showed that DAY has felony convictions including the following:

(1) Residential Burglary, in the Superior Court of Washington for Clark County, cause number 94-1-00706-8, on or about July 19, 1994;

(2) Escape in the First Degree, in the Superior Court of Washington for Clark County, cause number 94-1-01503-6, on or about January 11, 1995;

(3) Assault II and Possession of Stolen Property First Degree, in the Superior Court of Washington for Clark County, cause number 95-1-013449, on or about September 28, 1995.

(4) Attempted Possession of a Controlled Substance-Methamphetamine, in the Superior Court of Washington for Clark County, cause number 04-1-00820-4, on or about July 19, 2004.

    6. I have examined the aforementioned firearm and determined it is a Yugoslavian manufactured, model 59/66, 7.62 x 39 caliber, rifle, serial number F153782. I observed that the firearm was stamped "C.A.I. Georgia, VT" reflecting that the firearm was imported into the United States by Century Arms Incorporated of Vermont. Based on my training and experience, I know that it is a firearm as that term is defined under federal law. Furthermore, based on my experience and research, I know that the firearm was not manufactured in the State of Washington. Therefore, the firearms must have traveled in and affected interstate commerce prior to being recovered in Vancouver, Washington.

7. Based on the aforementioned facts, I believe probable cause exists that on or about October 10, 2007, MICKEY ALAN DAY, a convicted felon, possessed a firearm which had previously traveled in interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

LELAND E. STICE, Complainant
Special Agent, Bureau of Alcohol,
Tobacco, Firearms and Explosives

Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the defendant committed the offense set forth in the Complaint.

Dated this 30th day of January 2008.

DAVID CHRISTEL
United States Magistrate Judge